## No. 22276.

THE PEOPLE OF THE STATE OF COLORADO *v.*
LORANZY J. GHOLSTON.
(432 P.2d 636)

Decided October 23, 1967.

DUKE W. DUNBAR, Attorney General, JAMES D. MC-KEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JAMES W. CREAMER, JR., Chief Deputy, THOMAS H. MAY, Deputy, for plaintiff in error.

GERTRUDE A. SCORE, HYMAN A. GOODSTEIN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

DEFENDANT in error Gholston was charged with the crime of assault with a deadly weapon as a result of physically interfering with two police officers who were attempting to arrest his wife for creating a disturbance. The facts indicate that the defendant grabbed a nightstick belonging to one of the officers and swung it at both officers, striking one of them on the wrist.

At the close of the evidence by the People, the trial court dismissed the "deadly weapon" charge and ruled that there was sufficient competent evidence on the lesser included offense of simple assault to submit that to the jury. After the defense concluded the presentation of its evidence, which consisted of nothing more than a conflicting version of the affray, the court nevertheless directed a verdict of not guilty on the simple assault offense. It is to this asserted error in law by the court that the People direct this writ of error.

We disapprove of the action of the trial court.

In a disputed factual situation wherein the People have produced competent evidence which, if believed, would establish the guilt of the defendant beyond a reasonable doubt, it is for the jury to determine the credibility of the witnesses and which of the conflicting versions it chooses to accept. The court should not, and in law cannot, usurp this function and substitute its judgment on matters strictly within the province of the jury.

The court had ruled at the close of the People's evidence that a case of simple assault had been established. That offense has been defined as "an unlawful attempt coupled with a present ability to commit a violent injury on the person of another." *Haas v. People*, 155 Colo. 371, 394 P.2d 845. The court's ruling on the evidence at that juncture was correct.

The testimony produced by the defendant and his witnesses was actually in the nature of "confession and avoidance." The evidence corroborated the fact that the affray between Gholston and the officers had taken place; nevertheless, it established a disputed version which, at most, advanced a theory of justification or self-defense. With the case in such a posture, we hold that the trial court interfered with the function of the jury.

The judgment is disapproved.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.