## No. 24801

**The People of the State of Colorado v.
Edward Leon Gordon**
(498 P.2d 341)

Decided June 12, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Gordon was found guilty by a jury of assault with a deadly weapon. On writ of error he contends first that

his conviction should be reversed because the evidence presented by the People is insufficient to sustain the jury's verdict. We find no merit in this contention. The defendant's second allegation of error regarding instructions to the jury is totally without merit and requires no further comment. The judgment of the trial court is therefore affirmed.

The defendant argues that the evidence is insufficient because it fails to show that he had the present ability to commit an assault with a deadly weapon. This argument is premised on the defendant's view that the evidence did not show that he had possession or control of a deadly weapon. An examination of the transcript of the testimony readily invalidates this argument.

The testimony presented on behalf of the People discloses that Police Officer Bjornsrud went to a house in response to a disturbance call. When he arrived he was told by children playing outside that "They are fighting inside." He entered the house, and came upon four women and the defendant standing in the living room. The defendant and the women were shouting at each other. The officer asked if anyone wished to file a complaint, and when he received no response, he said that he was leaving. The defendant then came up to him and said, "Not until I kill you, you S.O.B." As the defendant made this statement he grabbed for the officer's revolver. A scuffle then ensued. The officer testified that during this scuffle the defendant had both of his hands on the officer's revolver and had just about removed it entirely from the holster. Had the revolver been fired at this point, the officer would have been hit in the leg. The officer was able to force the weapon back into the holster as the scuffle proceeded. A short time later, the defendant was subdued and arrested with the assistance of another police officer.

Testifying in his own behalf, the defendant denied having made any threats toward officer Bjornsrud or having touched the officer's weapon.

The defendant argues that, at most, the evidence shows an attempted assault. There is no such crime in Colorado. *Allen v. People,* 175 Colo. 113, 485 P.2d 886.

In *Dodge v. People,* 168 Colo. 531, 452 P.2d 759, we held that:

". . .the evidence, with reasonable inferences therefrom, must be viewed in the light most favorable to the jury's verdict; the jury is assumed to have adopted that evidence which supports its verdict; and, the jury having found the guilt of the accused proved beyond a reasonable doubt, this court will neither weigh the evidence nor appraise the credibility of witnesses. *Wilson v. People,* 143 Colo. 544, 354 P.2d 588; *Herschorn v. People,* 108 Colo. 43, 113 P.2d 680, 139 A.L.R. 297."
*See also People v. Gholston,* 164 Colo. 58, 432 P.2d 636.

■ When applying the above test to the facts of this case, we find that there was evidence of present ability and sufficient possession and control of the weapon by the defendant to sustain his conviction. In *Allen v. People, supra,* we stated:

"When a person is charged with an assault, it is clear that 'present ability' must be construed in the light of the particular situation. The policy behind criminal statutes is to safeguard the public from harm from individuals. In construing the criminal assault statute, therefore, factors such as the gravity of the potential harm and the uncertainty of the result are to be included in appraising the actor's 'present ability.' *Cf. Johnson v. People,* 174 Colo. 413, 484 P.2d 110."

Judgment affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.