## No. 24949

**The People of the State of Colorado v. Richard Gene Gallegos**
(499 P.2d 315)

Decided July 24, 1972.

212

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant Gallegos was convicted of assault with a deadly weapon with intent to inflict bodily injury, and conspiracy to commit the same offense. One Sandoval was shot in the leg, allegedly by defendant, during an altercation between two groups of people. After being arrested, arraigned, and while in county jail, appellant made several telephone calls in order to retain counsel. A portion of one of these calls was overheard by the jailer. Defendant was heard to say: "I was the one who shot him." Although objected to, and after an *in camera* hearing, the jailer was allowed to testify to overhearing the statement.

I.

Defendant first contends that the act of the jailer in

overhearing his conversation represented an intrusion into defendant's right to privacy under the Fourth Amendment to the United States Constitution. We disagree. The Fourth Amendment protects one who has a reasonable expectation of privacy under the circumstances. However, "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of the Fourth Amendment protection." *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. After the hearing in the instant case to determine whether testimony regarding defendant's statement should be suppressed, the lower court found that the statement was "voluntarily made by [defendant] knowing that [the jailer's] presence was imminent." No transcript of the evidence considered by the lower court was made a part of the record by appellant, and in the absence of any showing to the contrary, we must presume that the findings are supported by the evidence presented to and considered by the court. *Kelley v. People,* 120 Colo. 1, 206 P.2d 337.

## II.

■ Defendant's next contention is that the jailer's act of overhearing his conversation with an attorney operated to deny to defendant his right to effective representation of counsel guaranteed under the Sixth Amendment to the United States Constitution. In this connection, defendant relies on cases in which the facts are so distinguishable as to constitute no authority for the contention urged. In *State v. Cory,* 62 Wash. 2d 371, 382 P.2d 1019, conversations between an accused and his lawyer which took place in an attorney-client consultation room at police headquarters were surreptitiously monitored by the police. In *Fowler v. State,* 6 Md. App. 651, 253 A.2d 409, counsel requested a private interview with the accused, then undergoing custodial interrogation, but was only allowed to speak with him in the presence of numerous police officers. In *Flaherty v. Warden,* 155 Conn. 36, 229 A.2d 362, counsel's request for more privacy while interviewing a client in prison was refused, even though two guards were in a position to overhear the conversation and even though there existed facilities used by

law enforcement personnel to interview prisoners privately. In *Ex Parte Qualls,* 58 Cal. App. 2d 330, 136 P.2d 341, jail authorities refused to allow counsel to consult with his client other than in the presence of other attorneys and sheriff's deputies.

In the case at bar, the lower court found, following the suppression hearing, that when defendant made the statement in question, he was not being subjected to custodial interrogation, and that the jailer overheard the statement "accidentally and not by any planned eavesdropping or monitoring of the call." As above, we must presume that these findings are supported by the evidence considered by the lower court. *Kelley v. People, supra. See also Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972).

### III.

Defendant's final contention relates to a response by the jailer when testifying at trial that he was acquainted with defendant, "in that [defendant] has been in the jail several times." Defense counsel objected to this voluntary observation and moved for a mistrial. The lower court immediately cautioned the jury to disregard the statement, but denied the motion for mistrial. The statement was an inadvertent chance remark which made no reference to convictions for any crime. Because of the nature of the offense and the evidence establishing the defendant as the person who committed it, the reference to defendant having been in jail could not have been the basis of the conviction and was not prejudicial. *Henson v. People,* 166 Colo. 177, 442 P.2d 406.

The judgment is affirmed.

MR. JUSTICE HODGES not participating.