## No. 25906

### The People of the State of Colorado v. Franklin Jiminez
(528 P.2d 913)

Decided December 2, 1974.    Rehearing denied December 16, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted by a jury of vehicular homicide in violation of 1965 Perm. Supp., C.R.S. 1963, 13-5-155. We affirm the judgment of conviction.

The charges against appellant arose out of a one-car accident which occurred on the night of August 15, 1969. The People's evidence showed that appellant was the driver of the car, which was also occupied by four of his passengers. The car was traveling down a two-lane highway at a high rate of speed, estimated by the People's witnesses to be between seventy and seventy-five miles per hour. It failed to negotiate a curve to the left and ran off the roadway. The evidence showed that the vehicle left eighty-nine feet of skidmarks before leaving the paved portion of the highway; it was airborne for a distance of approximately fifty-five feet before landing in the adjacent field, where it rolled over three times; it then came to rest upside down at a point approximately 236 feet from where the car left the pavement. As a result of this accident, one of the passengers was fatally injured. There was evidence that shortly before the accident one of appellant's companions had purchased two 6-packs of 3.2 beer, of which appellant consumed two cans.

Appellant was originally charged with careless driving. A two-count information was later filed by the district attorney, charging appellant with vehicular homicide and causing a death while driving under the influence of intoxicating liquor (C.R.S. 1963, 40-2-10). At the conclusion of all of the evidence, the latter count was dropped on motion of the district attorney. The jury thereafter convicted appellant on the remaining count of vehicular homicide. Appellant's motion for new trial was denied and he appeals, contending three prejudicial errors require reversal and a new trial.

### I.

■ Appellant contends the evidence was insufficient to sustain the verdict of the jury. We disagree. The jury was properly instructed, without objection, as to the law of vehicular homicide. In our view, there was substantial competent evidence to support the verdict of guilty.

■ Without detailing all of the People's evidence, we note that appellant was not a stranger to the highway, having driven this road on many prior occasions. It was shown that, despite warnings from one of his passengers to "watch out" and to "be careful," appellant approached the left-hand curve in the highway at an excessively high and unsafe speed, while on the wrong side of the road, and that he lost control of his car while he attempted unsuccessfully to negotiate the curve to the left, thereby crashing into the adjacent field on the right. In explanation of the accident, appellant contended that just prior to the accident the passenger in the middle of the front seat grabbed the steering wheel, thereby impairing his ability to properly guide the automobile. This was disputed by the passenger. Appellant further contended that he was traveling only fifty to fifty-five miles per hour at the time of the accident. This was also disputed by two of his passengers who stated the car was traveling seventy to seventy-five miles per hour, which was also supported by the expert opinion of the investigating patrolman. It was the jury's function to weigh this disputed evidence and to resolve the conflicts, which it did in favor of the People. We will not substitute our judgment for that of the jury. *Martin v. People,* 178 Colo. 94, 495 P.2d 537.

### II.

Error is also asserted in the court's admitting into evidence the opinion testimony of the investigating patrolman. We find no error in this regard.

■ The trial court found that the officer was amply qualified, by training, experience and familiarity with the highway where the accident occurred, to express opinions concerning the manner in which it happened. We, therefore, perceive no error in permitting the jury, under the circumstances of this case, to consider the officer's expert opinion concerning the speed of appellant's vehicle prior to the accident and his explanation of how the

accident occurred, based upon his on-the-scene investigation of the accident. The sufficiency of the foundation evidence to establish the qualifications and knowledge of a witness to entitle him to express an opinion is a question for the trial court's determination, and in the absence of a showing of abuse of discretion this determination will not be overturned. *Meader v. People,* 178 Colo. 383, 497 P.2d 1010; *Hampton v. People,* 171 Colo. 153, 465 P.2d 394; *Ferguson v. Hurford,* 132 Colo. 507, 290 P.2d 229. We find no abuse of discretion in the admission of the expert testimony in this case.

### III.

■ The final ground for reversal relates to the improper interest of the district attorney in the outcome of the case. It was shown, without dispute, at the hearing on appellant's motion for a new trial that the district attorney, prior to filing criminal charges against appellant, had been employed as counsel in his private capacity to represent one of the injured passengers and the family of the deceased passenger in their respective claims for damages against appellant and his liability insurance carrier. Although the appellant knew, prior to the commencement of trial, of the district attorney's private interest in the case, he made no objection to the prosecution of the case by the district attorney, nor did he move for the district attorney's recusation. The trial court was not aware of this conflict of interest until it was raised by appellant in his motion for a new trial. After a full hearing, the court found that the appellant, having full knowledge of the private interest of the district attorney in the civil litigation arising out of the transaction involved, had waived his right to have the district attorney disqualified from prosecuting the criminal action against him. The court denied appellant's motion for a new trial predicated upon this ground. We do not disagree with the court's ruling under the circumstances of this case.

■ We note that the prosecutor in this case was a part-time district attorney. As such, he was permitted to practice law civilly in matters unrelated to the performance of his official duties. C.R.S. 1963, 45-1-7, however, provides:

"* * * If the district attorney be interested or shall have been employed as counsel in any case which it shall be his duty to prosecute or defend, the court having criminal jurisdiction may

appoint some other person to prosecute or defend the cause.''
Clearly, here the conflict of interest is patent.

■ The impropriety of the district attorney in pursuing his private clients' interests while at the same time performing his public duty under these circumstances has been condemned by this Court in numerous decisions and gives rise to appropriate disciplinary action. In *People v. . . . . . .* , 90 Colo. 440, 9 P.2d 611, under similar circumstances, this Court stated:

''* * * If [district attorney] did not use his public office to collect the claims of his private clients he put himself in the position of appearing to do so and justified the charge. If a prosecutor in this state has a private interest in a criminal case under his jurisdiction it is made the court's duty to appoint another to act for him. C.L. '21 § 5994. In such a case he should not act even by consent. 18 C.J., p. 1312, § 39.''

In *People v. (Attorneys Resp.),* 162 Colo. 174, 427 P.2d 330, the Court admonished respondents there, and stated:

''* * * To you, and to any others in the profession, if any there may be, who have labored under the misconception that there is nothing wrong when a district attorney acts as counsel for a litigant in a civil case, and prosecutes a criminal case based upon the facts giving rise to the civil action, we give warning: This court will not countenance or tolerate such conduct. We condemn it.''

We hereby reaffirm the foregoing declaration.

■ Under the circumstances of the dual representation in the present case, upon motion the district attorney would have been disqualified and a special prosecutor appointed. The matter, however, was not brought to the court's attention, even though counsel for appellant knew about it. The court, as heretofore noted, found that appellant had waived his right to have the district attorney disqualified. A defendant will not be permitted, as a matter of trial strategy, to conceal error during trial and gamble on a favorable verdict, and upon an adverse result assert as grounds for reversal the error he should have revealed to the court.

The judgment is affirmed.

MR. JUSTICE DAY does not participate.