No. 26568

**The People of the State of Colorado v. Dennis Ray Jones**

(551 P.2d 706)

Decided June 7, 1976.                    Rehearing denied July 19, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Edward A. Lipton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Jones was found guilty by a jury of first-degree murder. His main contention on this appeal is that the evidence was insufficient and therefore his conviction should be set aside. He also argues that the trial court *sua sponte* failed to properly instruct the jury with reference to the credibility of an eyewitness to the murder. There is no merit to either of these contentions and therefore we affirm the judgment of the trial court.

The prosecution's evidence revealed that the victim died of a vicious beating administered by the defendant. The details of the beating were testified to by an eyewitness who also testified that he had been convicted of a felony (car theft). His testimony on a number of significant points was corroborated by the testimony of other witnesses. The defendant did

not testify and elected to rest at the conclusion of the prosecution's case.

I.

In his brief, the defendant points out several inconsistencies between the eyewitness' testimony and other testimony presented by the prosecution. On this basis, he argues that the evidence thus presented must be held to be insufficient, as a matter of law, requiring a reversal of his conviction.

As we understand the defendant's argument on insufficiency of the evidence, he is not challenging the proof of any particular element of the crime of first-degree murder, but is rather attempting to suggest that the evidence is insufficient because the testimony of the witnesses presented by the prosecution reveal certain inconsistencies.

We make note at this point that the jury was properly instructed as to its function and responsibility of carefully weighing all the testimony, of judging the credibility of each of the witnesses, and of determining the weight to be given to the testimony of each witness. Also, both the prosecution and the defense counsel in closing arguments discussed the jury's duty to judge the weight to be given to the evidence furnished by each witness, and pointed out several of the inconsistencies in the testimony which the jury should consider in this regard.

Where the sufficiency of the evidence to support a guilty verdict is challenged, as here, the appellate court reviews the testimony in a light most favorable to the prosecution. If there is sufficient competent evidence presented to establish each of the essential elements of the crime charged, a guilty verdict may not be overturned by the appellate court, even though there may be conflicts and inconsistencies in the evidence. *People v. Eades*, 187 Colo. 74, 528 P.2d 382 (1974); *People v. Gordon*, 178 Colo. 406, 498 P.2d 341 (1972); and *Dodge v. People*, 168 Colo. 531, 452 P.2d 759 (1969). It is the jury's function to consider and determine what weight shall be given to all parts of the evidence. This includes the resolving of conflicts, inconsistencies, and disputes in the evidence. *People v. Jiminez*, 187 Colo. 97, 528 P.2d 913 (1974).

The following statement in *Godfrey v. People*, 168 Colo. 299, 451 P.2d 291 (1969) is applicable here:

"[I]t has long been established and frequently declared that this court in a criminal case cannot substitute its judgment for that of the jury on the weight of the evidence and the credibility of the witnesses. . . . This court cannot invade the province of the jury by making a re-determination on conflicting evidence."

Our review of this record reveals a fabric of competent evidence which amply supports the jury's verdict. The several inconsistencies between the eyewitness' testimony and other testimony presented were resolved by the jury in favor of the prosecution.

## II.

The defendant also urges reversal on the claim that the trial court erred when it did not instruct the jury on the weight to be given the testimony of the eyewitness because he is a convicted felon. The defendant also maintains that the trial court overlooked the need for instructing the jury with reference to the prosecution's burden of proof when critical testimony is offered by an accomplice. On this latter matter, the defendant's theory is that the eyewitness was, in fact, an accomplice in the commission of this murder.

■ If a defendant testifies and reveals a prior felony record, an instruction as to the effect of a conviction on his testimony should be given by the trial court. There is no inflexible requirement that such an instruction be given whenever a witness, other than the defendant, has a prior felony conviction.

■ An accomplice instruction is needed only in those cases where the prosecution's case is based solely on the uncorroborated testimony of an accomplice. *Davis v. People*, 176 Colo. 378, 490 P.2d 948 (1971); *Pieramico v. People*, 173 Colo. 276, 478 P.2d 304 (1970); and *Mendelsohn v. People*, 143 Colo. 397, 353 P.2d 587 (1960). None of the testimony of the eyewitness, or any of the other evidence presented, indicates that the eyewitness in any way participated in this crime as an accomplice. Furthermore, even if by some stretch of the imagination the eyewitness could be classified as an accomplice, various facets and segments of his testimony were corroborated by other witnesses presented by the prosecution.

■ We make note of the fact that the defendant in this case did not object to any of the instructions given at trial; he tendered no instructions; and he never complained of the lack of any instructions in his motion for a new trial. The issues concerning instructions were inserted by the defendant for the first time on this appeal. Under most circumstances, we would not recognize or discuss issues on instructions which are raised for the first time on appeal. *People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974); *People v. Bowen*, 182 Colo. 294, 512 P.2d 1157 (1973); *Lamb v. People*, 181 Colo. 446, 509 P.2d 1267 (1973). Our abbreviated discussion of these issues is prompted only by the necessity of showing that plain error is not involved. *See* Crim. P. 33(a) and 52(b).

We have also considered the contents of the *pro se* brief submitted by the defendant. It contains nothing of substance by way of stating any real issue for appellate review. He argues basically that the evidence presented at trial does not support the verdict, and that the eyewitness gave false testimony.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.