STATE of South Dakota, Plaintiff
and Appellee,

v.

Kenneth Michael McKERCHER,
Defendant and Appellant.

No. 13689.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 1982.

Decided April 13, 1983.

Mark V. Meierhenry, Atty. Gen., Pierre, for plaintiff and appellee; Mark Smith, Asst. Atty. Gen., Pierre, on the brief.

Thomas K. Wilka of Burns, Hagen & Wilka, Sioux Falls, for defendant and appellant; Karen E. Schreier, Sioux Falls, on the brief.

PER CURIAM.

Appellant appealed from a kidnapping and rape conviction. The trial court denied appellant's motion to suppress certain statements he made in a telephone conversation with his wife while he was detained in jail. We affirm.

Appellant was arrested in the early morning hours shortly after the rape. He was detained in the Minnehaha County jail. In an interrogation, he admitted that sexual intercourse had occurred but denied he had used force on the victim. Early in the evening of the same day he requested that the jailer allow him to make a phone call to his wife.

Phone calls by inmates or detainees in the county jail are made from a phone room that is six feet by ten or twelve feet in size. The jail's policy is for the jailer to make the call and remain in the room during the call.

After the jailer dialed the call to appellant's wife, he handed the receiver to appellant and remained seated approximately three feet from appellant.[1] During the con-

---

[1.] This is not a case of electronically monitoring a phone conversation with a defendant's attorney as the court had before it in *Matter of Kozak*, 256 N.W.2d 717 (S.D.1977). Footnote 3 of the *Kozak* opinion also went beyond the facts of the case and to the extent that the footnote is inconsistent with this opinion we disapprove of it.

versation appellant made the following statements, "It looks bad. [pause] I don't know, it feels bad, it looks bad. . . . [some general conversation] I just didn't learn. . . . I'm sorry. I don't know why it happened. I'm sorry." Though appellant turned his back to the jailer, he did not cup his hand over the phone or try to speak softly during his conversation. Nor was the jailer requested to leave the room. In his affidavit in support of his suppression motion, appellant stated he turned away from the jailer to have a private conversation.

After the phone conversation, the jailer made a report of appellant's statement. Appellant's motion to suppress these statements was denied. At trial the jailer testified to appellant's communications and appellant objected. Appellant's wife also testified to the statements and attempted to explain that they were admissions by appellant that he had only had intercourse with the victim but not raped her, that he had not learned that he could not have sex with other women and expect to reconcile their marital problems, and that the possibility of getting out of jail on bond looked bad.

■ Appellant contends that his statements were erroneously admitted into evidence for the following reasons: His right under the United States Constitution, amend. IV, to be free from unreasonable searches and seizures was violated;[2] and he was prejudiced because he and his wife were compelled to waive their spousal privilege and explain the statements. See SDCL 19–13–12.

Appellant argues he had a reasonable and subjective expectation that his telephone conversation would be private. See Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). The United States Supreme Court has stated, however, that prisoners' constitutional rights are subject to some restrictions. Jones v. N.C. Prisoners Labor Union, Inc., 433 U.S. 119, 97 S.Ct.

2532, 53 L.Ed.2d 629 (1977). These restrictions allow jail officials to monitor and record conversations between detainees and their visitors for security reasons and to use the conversation as evidence against the detainee without violating the Fourth Amendment. U.S. v. Hearst, 563 F.2d 1331 (9th Cir.1977), cert. denied, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978). Cf. State v. Fischer, 270 N.W.2d 345 (N.D.1978) (monitored phone conversation between husband and wife used as evidence against wife who visited jail); Colorado v. Blehm, 44 Colo.App. 472; 623 P.2d 411 (1981), (monitored visiting-room conversation between husband and wife used as evidence against wife who visited jail). Appellant, who himself recognizes the security reasons for monitoring prison conversations, could not have a greater expectation of privacy than the defendants in Hearst, Fischer, and Blehm, in which the conversations were more surreptitiously monitored over prison intercom systems or over prison switchboard phones. Moreover, with a jailer present in the same room and within a few feet of appellant as he was engaged in the phone conversation, anything said could not legitimately be intended as private. People v. Gallegos, 179 Colo. 211, 499 P.2d 315 (1972). The conclusory statement in appellant's affidavit that he tried to have a private conversation simply is not supported by the facts. Consequently, we hold that the use of appellant's statements as evidence against him did not violate the Fourth Amendment to the United States Constitution.

■ Appellant's second argument that the telephone conversation was erroneously admitted is based on the privilege applied to confidential spousal communications. "A communication is confidential if it is made privately by any person to his or her spouse during their marriage and is not intended for disclosure to any other person." SDCL 19–13–12. "An accused in a criminal pro-

2. Though appellant's motion to suppress also raised an issue under the Fifth Amendment's protection against self-incrimination, this issue was not briefed and we do not consider it. See State v. Helmer, 278 N.W.2d 808 (S.D.1979).

No argument appears to have been raised that appellant's right to be free from unreasonable searches protected by the South Dakota Constitution, Article VI, § 11 was violated.

ceeding has a privilege to prevent his spouse from testifying as to any confidential communication between the accused and the spouse." SDCL 19–13–13. "The privilege described in § 19–13–13 may be claimed by the accused or by the spouse on behalf of the accused. The authority of the spouse to do so is presumed." SDCL 19–13–14. Appellant was a prison detainee who, under the circumstances, knew or should have expected his conversation would be overheard or monitored and would not be private. These facts compel us to hold that appellant's statements were not made privately nor intended to go undisclosed to any other person. *See People v. Hill,* 12 Cal.3d 731, 117 Cal.Rptr. 393, 528 P.2d 1 (1974). Therefore, appellant's statements were not confidential, were not protected by the spousal privilege, and were admissible.

Nor did any unfair prejudice result from admitting appellant's statements. SDCL 19–12–3. Appellant could not be prejudiced by any waiver of the spousal privilege because as we have already said these statements were not protected by any such privilege. Moreover, the statements were relevant to the question of consent and as inferences of consciousness of guilt. Undoubtedly appellant and his wife felt compelled to explain that he was not admitting to being a rapist but only an adulterer. Yet, we cannot say the trial court abused its discretion in determining that the probative value of the statements was not substantially outweighed by any prejudice that may have resulted from compelling appellant and his wife to testify. *See State v. Rose,* 324 N.W.2d 894 (S.D.1982).

The judgment is affirmed.