**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Dennis Ray JONES, Defendant-Appellant.**

**No. 80CA1205.**

Colorado Court of Appeals, Div. II.

Oct. 21, 1982.

Rehearing Denied Nov. 12, 1982.

Certiorari Granted May 23, 1983.

---

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Allen, Foreman & Mueller, Norman R. Mueller, Mary G. Allen, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Dennis Ray Jones, was convicted of murder in the first degree, and that conviction was affirmed in *People v. Jones,* 191 Colo. 110, 551 P.2d 706 (1976). Thereafter, he filed, pro se, a motion to vacate the judgment under Crim.P. 35(b) and (c). The trial court denied this motion, and defendant appeals. We affirm.

First, we address some of the issues raised by Jones through appellate counsel.

### I.

Defendant asserts he was denied his Sixth Amendment right to effective assistance of counsel because trial counsel was ignorant of the law, failed to advise him adequately about issues of law during trial, and failed to raise certain issues on his first appeal. The legal test for whether a defendant is deprived of reasonably effective assistance of counsel is whether counsel performed as an effective advocate within the range of competence demanded of attorneys in criminal cases. *People v. Johnson,* 638 P.2d 61 (Colo.1981). Errorless representation during the course of trial is not the standard applied to determine reasonably effective assistance of counsel. *People v. Velasquez,* 641 P.2d 943 (Colo.1982). Here, the trial court found trial and appellate counsel performed competently and that the representation defendant received was within constitutional limits. The record supports these findings and therefore we will not disturb that ruling on review. *People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973).

### II.

Defendant also argues the trial court erred when it granted his request to proceed pro se during the Crim.P. 35(b) and (c) hearing. We disagree.

The right of the criminally accused to self-representation has been recognized. *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980). When confronted with a request for self-representation by a defendant, the

duty of the trial court is to ascertain whether the defendant intelligently decided to represent himself with knowledge of the duties and disadvantages of such self-representation. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Reliford v. People,* 195 Colo. 549, 579 P.2d 1145 (1978).

Here, defendant submitted a motion to appear pro se supported by applicable authority. At the hearing, the appointed public defender advised the court of defendant's belief in his own capabilities and firm desire to represent himself. After being completely advised, the trial court permitted defendant to proceed pro se, and ordered appointed counsel to remain as advisory counsel. The record establishes that defendant knowingly, intelligently, and voluntarily relinquished the benefits of counsel in favor of representing himself. *Faretta v. California, supra; People v. Lucero, supra.*

■ Defendant extends this argument to the second Crim.P. 35 hearing during which he proceeded pro se also. The record of this particular hearing does not contain the opening remarks and commentary between the court and various parties. Where no transcript of the evidence considered by a lower court is made a part of the record by appellant, and there is no showing to the contrary, we must presume that the findings are supported by the evidence presented to and considered by the court. *People v. Gallegos,* 179 Colo. 211, 499 P.2d 315 (1972). Hence, we find no error in the trial court's decision to allow defendant to proceed pro se during either of these post-conviction proceedings.

### III.

Defendant next contends inadmissible hearsay evidence was received by the trial court and not objected to by his trial counsel, resulting in a denial of his right to confront witnesses testifying against him.

■ One witness testified the victim said: "I told him [defendant] to get out of here, and he came in and beat me up."

When this witness asked the victim if he had called the police, the victim replied: "He won't let me out." These statements were made shortly after the first beating. This testimony was admissible under the *res gestae* or excited utterance exception to the hearsay rule. *People v. Handy,* 657 P.2d 963 (Colo.App., 1982). Colorado Rules of Evidence 803(1) and (2). Thus, these statements were properly received by the trial court.

### IV.

■ The decision to object to the admission of the above testimony involved a question of trial strategy. Failure to object, standing alone, is not sufficient to establish reversible error. Defendant also asserts the testimony of an eyewitness was inadmissible hearsay, and should not have been received by the court. This second witness stated that someone told him defendant was looking for him for payment of a debt, and that defendant had a gun and an ice pick. This testimony cannot be characterized as hearsay as it was not offered to prove the truth of the matter asserted. Colorado Rules of Evidence 801(c). Additionally, this testimony was relevant to establish the witness' reasons for coming forward and discussing the case with police. *See People v. Tenorio,* 197 Colo. 137, 590 P.2d 952 (1979).

### V.

The defendant further contends that the court improperly instructed the jury on the premeditation element of first degree murder.

The applicable statute at the time of defendant's trial was C.R.S.1963, 40–3–102; the instruction given by the court stated:

"No particular time need intervene between the formation of the intent to kill and the act of killing. It matters not how short the interval, if it was sufficient for one thought to follow another."

Defendant argues this particular phrasing, specifically criticized in *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973), created reversible error. In *Sneed,* the Su-

preme Court stated that an "appreciable length of time" must elapse between the formation of the intent to kill and the act of killing to allow for deliberation, reflection, and judgment.

 Defendant failed to object to this instruction either in his motion for new trial or on direct appeal to the Supreme Court, where other issues relating to the instructions were raised. *See People v. Jones, supra.* Only grounds previously specified as error to the trial court may be considered on review unless the alleged error may be deemed "plain error" within the meaning of Crim.P. 52(b). *See* Crim.P. 30; *People v. Founds,* 631 P.2d 1166 (Colo.App. 1981). Although outmoded, the instruction given does not constitute plain error within the meaning of Crim.P. 52(b); *Mattas v. People,* 645 P.2d 254 (Colo.1982).

The record reflects defendant struck the victim during an initial altercation and then left the room; thirty minutes later, he inflicted a second beating, resulting in the death of the victim. Here, the facts present a case involving the requisite deliberation and reflection necessary to create and prove the premeditated intent element under either rule. Hence, defendants rights were neither so prejudiced nor his conviction so influenced by the outmoded instruction as to constitute plain error.

## VI.

Defendant further contends the trial court erred when it omitted instructing the jury on second degree murder.

The People concede defendant was entitled to an instruction on second degree murder had he requested it. Defense counsel, with defendant specifically concurring, requested the homicide issue be submitted to the jury on the charge of first degree murder alone.

 The only issue before this court is whether defendant knowingly and intelligently waived his right to have the second degree murder issue submitted to the jury. The record reflects a long and detailed inquiry by both court and counsel of defend-

ant about his understanding of waiver of the second degree murder instruction. Defendant affirmatively confirmed the actions of his attorneys and established to the trial court's satisfaction that he understood what he was doing. The evidence adduced at the hearing conducted by the court on this issue substantiates its findings. *See People v. Fowler,* 183 Colo. 300, 516 P.2d 428 (1973). Under these circumstances, defendant cannot now complain about error which he personally injected in the case; he must abide by the consequences of his action. *People v. Shackelford,* 182 Colo. 48, 511 P.2d 19 (1973).

## VII.

 Citing *People v. Reynolds,* 194 Colo. 543, 575 P.2d 1286 (1978) and *Oaks v. People,* 150 Colo. 64, 371 P.2d 443 (1962), appellate counsel for defendant also argues that the doctrine of cumulative error applies, and requires reversal. This doctrine demands that numerous formal irregularities be committed, however, and not simply alleged. *People v. Botham,* 629 P.2d 589 (Colo.1981). In light of our disposition of the previous issues, it is clear the cumulative error doctrine will not serve defendant to obtain the relief he seeks.

The remaining errors alleged by defendant through counsel are without merit.

## VIII.

Defendant also presented a brief, pro se. The arguments contained therein can best be answered by this statement from *People v. Jones, supra:*

> "We have also considered the contents of the *pro se* brief submitted by defendant. It contains nothing of substance by way of stating any real issue for appellate review. He argues basically that the evidence presented at trial does not support the verdict and that the eyewitnesses gave false testimony."

We, therefore, reject the arguments made in his pro se brief.

The order denying the motions for post-conviction relief is affirmed.

BERMAN and STERNBERG, JJ., concur.