Byrl F. **BREWER,** Plaintiff–Appellee,

v.

**AMERICAN AND FOREIGN INSURANCE COMPANY,** Defendant–Appellant.

No. 90CA1582.

Colorado Court of Appeals, Div. II.

March 12, 1992.

Rehearing Denied April 16, 1992.

Certiorari Denied Oct. 13, 1992.

Stan Walter, P.C., Stan Walter, Denver, for plaintiff-appellee.

Johnson, Oldham & Angell, P.C., Richard Lee Angell, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, American and Foreign Insurance Company, (insurer) appeals the portion of the trial court's judgment, entered on a jury verdict, awarding plaintiff, Byrl F. Brewer, noneconomic and exemplary damages based upon the insurer's bad faith. We affirm.

Asserting that the origin of plaintiff's mobile home fire was arson, the insurer denied plaintiff's claim for his losses in that fire. Plaintiff brought this action to enforce his insurance claim and also sought damages based on the insurer's bad faith in denying the claim. The jury returned a verdict in plaintiff's favor on both theories, concluding that the origin of the fire was not arson and that the insurer acted in bad faith in denying the claim. Accordingly, the jury awarded damages for the loss caused by the fire and noneconomic and exemplary damages on the bad faith claim. The insurer does not appeal the award based on the insurance contract.

## I.

The insurer first contends that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict on the bad faith claim, arguing that there can be no bad faith claim if there is any colorable evidence supporting the denial of an insurance claim. We disagree.

It is proper to submit conflicting evidence to the trier of fact. *Converse v. Zinke,* 635 P.2d 882 (Colo.1981). Unless clearly erroneous and unsupported by the record, the findings of the jury must be accepted on review. *Vigil v. Pine,* 176 Colo. 384, 490 P.2d 934 (1971).

A verdict should be directed only when the overwhelming evidence indicates that a reasonable person could not arrive at a contrary verdict. *Safeway Stores, Inc. v. Langdon,* 187 Colo. 425, 532 P.2d 337 (1975). Likewise, judgment notwithstanding the verdict may be entered only when no reasonable person could reach the same conclusion as the jury. *Converse v. Zinke, supra.*

Here, the record supports the verdict. Therefore, the motions for directed verdict and judgment notwithstanding the verdict were properly denied.

We reject defendant's assertion, based on *National Savings Life Insurance Co. v. Dutton,* 419 So.2d 1357 (Ala.1982), that, since plaintiff could not, as a matter of law, have properly been awarded a directed verdict on the underlying arson claim, his bad faith claim must, as a matter of law, be denied. We conclude such an interpretation of the burden to assert a bad faith claim is contrary to Colorado law. The test for an insurer's duty for good faith and fair dealing with its insured is one of reasonableness under the circumstances. *Surdyka v. DeWitt,* 784 P.2d 819 (Colo.App.1989).

*Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985), requires a plaintiff in a bad faith claim to prove both the insurer's unreasonable conduct and its knowledge that the conduct is unreasonable or a reckless disregard of the fact that the conduct is unreasonable.

An objective basis requiring proof of the standards of conduct in the insurance industry may be used to determine the company's reasonableness in denying a claim. *Travelers Insurance Co. v. Savio, supra.*

Here, evidence indicates that acceptable investigative procedure such as determination of the chronology of the fire, its origin, its cause, whether burn patterns were present, and, if burn patterns were found, an interpretation of the patterns by an experienced arson investigator, were not followed by the insurance company. Thus, the evidence supports the conclusion that the insurer acted unreasonably.

Additional testimony supported the conclusion that it was not customary in the insurance industry to rely exclusively on an inexperienced insurance adjuster/fire investigator to determine and interpret burn patterns. Nor was it customary in the industry for an insurance company's representatives to advise potential witnesses that the insured had committed arson and that it was conducting an arson investigation during the initiation of an interview. Because there was evidence that all or some of the industry standards were deviated from, there exists ample support in the record for the jury's conclusion that the insurance company acted unreasonably and had no reasonable basis for denying plaintiff's claims.

Further, the insurer's agent's testimony supports the conclusion that the insurance company had knowledge of, or recklessly disregarded, its unreasonable conduct.

The bad faith claim was a question of fact properly submitted to the jury, thus; we are bound by the jury's resolution of that issue. *Vigil v. Pine, supra.*

## II.

The insurer next contends that its motion notwithstanding the verdict awarding exemplary damages should have been granted because plaintiff did not present evidence that defendant acted fraudulently, willfully, or wantonly. We disagree.

The jury was properly instructed that liability for exemplary damages must be

proven beyond a reasonable doubt. *Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo. 1984). And, based on the record, a reasonable person could find that the insurer acted fraudulently, willfully, and wantonly. Thus, we may not disturb the jury's verdict. *Converse v. Zinke, supra.*

### III.

The insurer also asserts that it was denied a fair trial because expert testimony tending to establish that it acted in good faith was excluded. We disagree.

██ CRE 702 provides that if scientific, technical, or other specialized knowledge will aid the trier of fact in understanding the evidence or in determining a fact at issue, a witness qualified as an expert by knowledge, skill, and training may testify in the form of an opinion. However, the qualification of an expert witness is a matter within the sound discretion of the trial court, and absent evidence of an abuse of its discretion, a trial court's determination will not be disturbed on review. *People v. Jiminez*, 187 Colo. 97, 528 P.2d 913 (1974). After reviewing the record, we find no abuse of the trial court's discretion.

Judgment affirmed.

SMITH and HUME, JJ., concur.