580 P.2d 838 (1978)
In re the MARRIAGE OF Frank GALLEGOS, Appellee, and
Agnes M. Gallegos, Appellant.
No. 77-579.
Colorado Court of Appeals, Div. II.
June 1, 1978.
*839 George T. Ashen, Denver, for appellee.
Gary L. McCorkhill, Denver, for appellant.
SMITH, Judge.
The parties' marriage was dissolved and permanent orders were entered on June 8, 1973. The permanent orders divided the marital assets and required the appellee (husband) to pay maintenance to the appellant (wife) until June 3, 1976, at which time maintenance was to terminate. On August 19, 1975, the wife filed a motion to increase maintenance, alleging a substantial change in circumstances. The wife also moved for a modification of the permanent orders relating to property division, alleging that the husband had concealed the existence of one marital asset and had misrepresented the value of certain others.
At a hearing on the wife's motion which was held on February 2, 1977, the trial court found that the husband had indeed concealed the existence of one marital asset. Based upon such finding the court awarded the wife an additional sum as a supplement to the property division. Neither of the parties challenges this ruling on appeal.
As to value of the other assets which the husband allegedly misrepresented, the trial court found that prior to the hearing on permanent orders the wife had an adequate opportunity to ascertain the true value of these assets. Accordingly, the court concluded that the wife could not challenge the property division on the basis of the husband's misrepresentations as to the value of such assets. The trial court also concluded that since maintenance had terminated on June 3, 1976, which was prior to the time the wife's motion was heard, the court lacked jurisdiction to modify the maintenance award. It therefore refused to do so.

I.
Appealing from these adverse rulings, the wife contends first, that since her motion to increase maintenance was filed prior to June 3, 1976, the date maintenance was to terminate, the court did have jurisdiction *840 to modify the maintenance award. We hold that the trial court, by virtue of the nature of the original award, was precluded from modifying it; therefore, the date of the filing of the motion is irrelevant. In Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972), our Supreme Court stated that:
"The granting of alimony in gross, or lump-sum alimony, as it is sometimes called, provides a definite and final judgment which the court cannot later modify. . . ."
The principles regarding maintenance in gross stated in Carlson v. Carlson, supra have not been modified by the Uniform Dissolution of Marriage Act, § 14-10-101, et seq., C.R.S.1973. See In re Marriage of Icke, 35 Colo.App. 60, 530 P.2d 1001 (1974), aff'd, Colo., 540 P.2d 1076 (1975). This is true notwithstanding dicta contained in In re the Marriage of Lodholm, Colo.App., 536 P.2d 842 (1975), indicating to the contrary. In that case this court referred to § 14-10-122(1), C.R.S.1973, which provides as follows:
"Except as otherwise provided in section 14-10-112(6), the provisions of any decree respecting maintenance or support may be modified as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. . . ."
We do not interpret this section as conferring upon the courts of this state a broader power to modify than existed prior to the statute. Rather, we view it as preclusive, limiting the court's traditional power of modification to installments not yet due. Even then, modification is proper, only where a change of circumstances makes continuation of the existing order unconscionable. Hence, we conclude that where, as here, maintenance is in a fixed and determinable amount to be paid either in a lump sum or is for a specific amount to be paid over a definite term, unless the power to do so is expressly reserved by the court, it is alimony in gross and has the finality of a judgment, and thus, is not subject to modification on the basis of a change in circumstances. See Moss v. Moss, 35 Colo.App. 53, 531 P.2d 635 (1974), aff'd Colo., 549 P.2d 404 (1976).

II.
The wife also contends that the trial court erred in ruling that she could not challenge the property division on the basis that the husband had misrepresented the value of marital assets, which ruling was premised on the court's finding that the wife had had adequate opportunity to determine the true value of the assets in question.
Section 14-10-105(1), C.R.S.1973, provides that, except as otherwise expressly provided, the Colorado Rules of Civil Procedure apply to all proceedings under the Uniform Dissolution of Marriage Act. In re Marriage of Franks, Colo., 542 P.2d 845 (1975). There are no specific provisions in the Act relating to the modification of property division which create an exception to the provisions of C.R.C.P. 60(b). And,§ 14-10-122(1), C.R.S.1973, expressly provides that: "The provisions as to property disposition may not be revoked or modified unless the court finds the existence of conditions that justify the reopening of a judgment."
C.R.C.P. 60(b) provides that a motion for relief from judgment on the basis of fraud, misrepresentation, or other misconduct of an adverse party must be filed within six months of the date the judgment was entered. Hence, even if the basis of the trial court's ruling was erroneous, as the wife asserts, we decline to address that issue since the wife's motion was untimely, and thus the trial court had no authority to grant the relief requested. Love v. Rocky Mountain Kennel Club, 33 Colo.App. 4, 514 P.2d 336 (1974).
Our disposition on these grounds, however, would not preclude the wife from bringing an independent action to seek relief from the trial court's judgment. See C.R.C.P. 60(b); Dudley v. Keller, 33 Colo.App. 320, 521 P.2d 175 (1974).
Judgment affirmed.
PIERCE and KELLY, JJ., concur.