**In re the MARRIAGE OF Jimmie Dean STROUD, Petitioner-Appellant,**

**and**

**Joanne E. Stroud, Respondent-Appellee.**

**No. 79SC363.**

Supreme Court of Colorado,
En Banc.

July 20, 1981.

---

Franklin Thomas Knowlton, Greeley, for petitioner-appellant.

Karowsky, Witwer & Oldenburg, R. Sam Oldenburg, Greeley, for respondent-appellee.

LOHR, Justice.

In a dissolution of marriage proceeding, the district court refused to enforce the property division provisions of an agreement between the petitioner (husband) and the respondent (wife) that previously had been incorporated into the decree of dissolution. Acting on an oral request by the wife at a hearing on the husband's motion in aid of execution of the decree, the court declined to enforce the agreement and instead divided the property in a manner it determined independently to be fair and equitable. The husband failed in his efforts to perfect an appeal from the trial court's judgment. Thereafter, he filed a motion under C.R.C.P. 60(b)(3) to set the judgment aside for want of jurisdiction. The trial court denied the motion, and the Colorado Court of Appeals affirmed that denial. We granted certiorari to review the jurisdiction issue and now affirm the decision of the court of appeals.

On March 14, 1977, the district court entered a decree of dissolution of marriage, which contained a finding that an agreement between the parties concerning disposition of their property was not unconscionable, and which incorporated that agreement into the decree. *See* section 14–10–112(4), C.R.S.1973. The agreement included a procedure for the selection of appraisers who would determine the fair market value of the property each party owned on the date of the marriage and the fair market value of all assets "currently owned by either party or jointly as of December 31, 1976." The parties then were to divide the property "on the same ratio as the value of their respective properties as of the date of marriage."

In attempting to implement the agreement, various disputes arose between the parties.[1] On June 23, 1978, a hearing was held and evidence was taken on the issues in controversy. During the course of the

---

1. The record before us is not complete. We learn of certain facts from the parties' briefs.

hearing, the wife orally moved[2] that the property disposition agreement incorporated in the decree be set aside and that the court divide the property without reference to the agreement. In its judgment and decree signed June 26, 1978, the trial court found "that the agreement between the parties, dated March 12, 1977, cannot be fairly or equitably implemented because making findings of fact upon the evidence presented would necessarily result from speculation and conjecture thereby creating a probability of unconscionable or unequitable (sic) results . . . ." The district court then divided the property in a different manner than that specified in the parties' agreement.

The husband's appeal to the court of appeals was dismissed on October 23, 1978, on the ground that his motion for a new trial under C.R.C.P. 59(a) was defective. On November 14, 1978, the husband filed a motion with the district court under C.R.C.P. 60(b)(3)[3] to have that court's judgment of June 26, 1978, set aside. The motion was based on the contention that the court lacked jurisdiction to overturn the property agreement incorporated in the decree of dissolution. After a hearing on the matter, the district court denied the motion.[4]

On appeal, the court of appeals held that, although the district court's order may have been improper and therefore voidable, it was within the court's subject matter jurisdiction and thus not subject to attack under C.R.C.P. 60(b)(3).[5] We agree with the court of appeals' decision.

## I.

There is no question but that in Colorado, as elsewhere, a judgment rendered without jurisdiction is void and may be attacked directly or collaterally. *Whitten v. Coit,* 153 Colo. 157, 385 P.2d 131 (1963); *see McLeod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974); *see generally* 1 A. Freeman, *Law of Judgments* § 333 (1925). The court must have jurisdiction over the parties and the subject matter of the issue to be decided if its judgment is to be valid. *Id.* The husband does not contend that he was not properly before the court for purposes of the June 26, 1978, judgment. Rather, he asserts that the district court did not have subject matter jurisdiction to deny effect to the property division agreement incorporated in the March 14, 1977, decree of dissolution. We disagree with this contention.

Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. *See* 1 A. Freeman, *supra* at § 337; 7 *Moore, Federal Practice* ¶ 60.25[2]; *see generally, McLeod v. Provident Mutual Life Insurance*

---

2. The transcript of the wife's oral motion is not before us. For purposes of this opinion we treat that motion as having been made pursuant to section 14–10–122(1), C.R.S.1973, as discussed herein.

3. C.R.C.P. 60(b) provides in relevant part:
   "*Mistakes; Inadvertence; Surprise; Excusable Neglect; Fraud; etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any oth-

er reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken."

4. The transcript of this hearing was not made a part of the record on appeal.

5. Appellate review of the grant or denial of C.R.C.P. 60(b) motions is normally limited to determining whether the district court abused its discretion. *Johnson v. Johnson,* 132 Colo. 236, 287 P.2d 49 (1955). However, where the motion alleges that the judgment attacked is void, C.R.C.P. 60(b)(3), the trial court has no discretion. The judgment either is void or it isn't and relief must be afforded accordingly. *See C. Wright and A. Miller, Federal Practice and Procedure* § 2862 (1973).

*Co., supra.* Therefore, in determining whether the court has such jurisdiction, reference must be made to the nature of the claim and the relief sought. The instant case concerns the modification of the property division terms of an agreement incorporated into a decree of dissolution under section 14–10–112(4)(a), C.R.S.1973. Unquestionably, the district court had subject matter jurisdiction to determine whether the parties' agreement regarding disposition of their property was unconscionable and, upon finding it to be not unconscionable, to set forth in the decree the terms of the agreement. *See* section 14–10–112(2), (4), C.R.S.1973. The husband argues, however, that once the agreement was incorporated into the decree the court lost jurisdiction to revoke or modify its provisions. *See Burleson v. District Court*, 196 Colo. 455, 586 P.2d 665 (1978); *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704 (1967); *Magarrell v. Magarrell*, 144 Colo. 228, 355 P.2d 946 (1960). This argument ignores the fact that there are statutorily defined circumstances in which a district court may revoke or modify the property division provisions of its decree of dissolution.

■ Section 14–10–122(1), C.R.S.1973, states that "[t]he provisions [of a decree] as to property disposition may not be revoked or modified *unless the court finds the existence of conditions that justify the reopening of a judgment.*" (emphasis added). *See* C.R.C.P. 60(b). Because the parties' agreement has been incorporated into the decree of dissolution, it is subject to revocation or modification to the same extent as a property division rendered solely by the court.[6] Under section 14–10–122(1), therefore, the district court had subject matter jurisdiction to entertain a request to modify

or revoke the property disposition provisions incorporated in the decree.

## II.

It is not sufficient that the court has, in the abstract, the authority to decide the particular class of case which is before it. The court's authority must be invoked before it can act. *See* 1 *A. Freeman, supra*, at 338. The husband argues that the procedures of C.R.C.P. 60(b) must be followed in order to invoke the court's authority to set aside a decree respecting property disposition, *see In re Marriage of Gallegos*, 41 Colo.App. 116, 580 P.2d 838 (1978), and that the wife's oral request to divide the property, made more than one year after the decree was entered, was neither a sufficient nor a timely motion under that rule. We disagree.

■ Unless due process was violated, the informality of the wife's request to set aside the property agreement amounts to no more than an irregularity not affecting the jurisdiction of the district court. *See McLeod v. Provident Mutual Life Insurance Co., supra;*[7] 7 *Moore, Federal Practice* ¶ 60.25[2]. Also, we note that the motion was made during the course of an evidentiary hearing on the property disposition at which both parties and their counsel were present. A motion made during a hearing need not be in writing. C.R.C.P. 7(b). The husband does not argue, and the facts before us do not indicate, that the informal motion and hearing procedures denied the husband due process of law.

■ Turning next to the sufficiency of the content of the wife's oral motion, we find ourselves unable to review that matter

6. Pursuant to section 14–10–112(6), C.R.S. 1973, a husband and wife may preclude or limit modification of the terms of a separation agreement incorporated in a decree of dissolution of marriage, "[e]xcept for terms concerning the support, custody, or visitation of children" by express provisions in the separation agreement. No such provision appears in the agreement at issue here. Although it appears doubtful that section 14–10–112(6) was intended to limit the court's power to revoke or modify property

disposition provisions when conditions exist that justify the reopening of a judgment, *see* section 14–10–122(1), C.R.S.1973, we need not decide that question today.

7. In *McLeod v. Provident Mutual Life Insurance Co., supra*, we defined an "irregular" judgment as "one rendered contrary to the method of procedure and practice allowed by the law in some material respect." *Id.* 186 Colo. at 238, 526 P.2d at 1320.

because the motion was not made part of the record. We note, however, that it is not a prerequisite to the court's subject matter jurisdiction under C.R.C.P. 60(b) that the grounds asserted in the motion to set aside a judgment be legally adequate. Of course, if the grounds asserted and proved do not support the setting aside of a judgment under the standards specified in the rule, any order granting such relief is subject to reversal on appeal. *See Cortvriendt v. Cortvriendt*, 146 Colo. 387, 361 P.2d 767 (1961). Nevertheless, the failure to allege sufficient grounds for relief from a prior judgment does not make the subsequent order granting that motion void. The court's action would simply be legal error, making the order vulnerable to reversal upon appeal. *See Clarke v. Asher*, 53 Colo. 313, 125 P. 538 (1912) (judgment not subject to collateral attack even though the complaint on which the judgment was rendered fails to state a cause of action).

Finally, the matter of timeliness of the wife's motion does not present a jurisdictional defect. Although the six month period for motions under C.R.C.P. 60(b)(1) and (2) had passed at the time the wife made her request, *see In re Marriage of Gallegos, supra*, the rule provides that a motion under C.R.C.P. 60(b)(3), (4) or (5)

shall be made within a reasonable time. Because the transcript of the hearing on the oral motion has not been made part of the record before us, and because reasonableness involves factual considerations, we are unable to address the husband's contention that the wife's oral motion was not made within a reasonable time. *Cf. People v. Gallegos*, 179 Colo. 211, 499 P.2d 315 (1972).

We conclude that the trial court had subject matter jurisdiction under C.R.C.P. 60(b)(4) and (5) to enter its June 26, 1978, order setting aside the property disposition agreement which it previously had approved and incorporated in the decree of dissolution of marriage. Jurisdiction is the only issue before the court in a motion under C.R.C.P. 60(b)(3).[8] The court of appeals was correct, therefore, in affirming the trial court's denial of the petitioner's C.R.C.P. 60(b)(3) motion to set the judgment aside.

The judgment of the court of appeals is affirmed.

---

8. Whether the record supports the trial court's findings and conclusions, and whether those findings and conclusions in turn support the relief allowed, are matters for appeal, not matters going to the jurisdiction of the court. Appellate review of these questions is foreclosed by the husband's failure to perfect an appeal from the June 26, 1978, order.