**DENVER CLASSROOM TEACHERS ASSOCIATION, Plaintiff–Appellee,**

**v.**

**SCHOOL DISTRICT NO. 1 in the CITY AND COUNTY OF DENVER, Defendant–Appellant.**

No. 95CA0352.

Colorado Court of Appeals,
Div. II.

June 13, 1996.

As Modified on Denial of Rehearing
Oct. 10, 1996.

Law Offices of Jeffrey I. Sandman, Jeffrey I. Sandman, Aurora, for Plaintiff–Appellee.

Semple & Jackson, P.C., Martin Semple, Franklin A. Nachman, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Denver Public School District No. 1 (school district), appeals the summary judgment entered in favor of plaintiff, Denver Classroom Teachers Association (association), on its claim of breach of contract and the award of damages to plaintiff in the amount of $118,400 plus $32,000 in interest. We affirm.

In October 1988, plaintiff and defendant executed a collective bargaining agreement which was to expire by its own terms on December 31, 1990, under which the school district was required to deduct from teachers' salaries the membership dues owed by the teachers to the association (dues deduction provision). Under the provision, dues-paying non-members of the association could revoke authorization for dues deduction from February 1 through February 15 of each year and association members could file revocations between June 1 and June 14 of each year.

When the agreement expired on December 31, 1990, and the parties were unable to agree to the terms of a new agreement, the association threatened to strike. In January 1991, the director of the division of labor (director), acting under § 8–1–125, C.R.S. (1995 Cum.Supp.), ordered the parties not to alter the conditions of employment until he terminated jurisdiction over the matter.

In March 1991, the director terminated jurisdiction under § 8–1–125 and in April 1991, the parties executed a new agreement, the terms of which were retroactive to January 1, 1991. Without the consent of the association, the school district accepted additional revocations between May 22, 1991, and June 3, 1991 (May 1991 revocations).

In December 1991, the association filed this action, alleging breach of contract based upon the school district's acceptance, after the expiration of the agreement on December 31, 1990, of untimely revocations filed by member teachers and on its failure to deduct association dues from the salaries of dues-paying non-members.

In August 1993, the association filed a motion for summary judgment as to liability for breach of contract. In December 1993, the trial court entered summary judgment in favor of the association, determining that the director's January 1991 order had extended the dues deduction provision. The court further determined that the school district had lawfully accepted revocations during the May 1991 revocation period it had created, howev-

er, its failure to deduct the association dues of dues-paying non-members after December 31, 1990 constituted a breach of contract.

Determining that the May 1991 revocations were prospective only, the trial court awarded damages to the association in the amount of $118,400, plus $32,000 in interest. This appeal followed.

## I

■ The school district asserts that the director lacked jurisdiction under § 8–1–125 to continue the conditions of employment because the relationship between the parties was not that of employer and employee and because the dues deduction provision was not a condition of employment. We do not agree.

Section 8–1–125(1), C.R.S. (1995 Cum. Supp.) provides:

The director may exercise jurisdiction over any dispute between employer and employee affecting conditions of employment, or with respect to wages or hours ... when the dispute, as determined by the executive director, affects the public interest, and such jurisdiction shall continue ... until said director shall enter an order disposing of or terminating such jurisdiction. The relation of the employer and employee shall continue uninterrupted by the dispute or anything arising out of the dispute until the final determination thereof by said director; and neither the employer nor any employee affected by any such dispute shall alter the conditions of employment with respect to wages or hours or any other condition of said employment. . . .

We conclude that, because the teachers selected the association as their representative, the relationship between the school district and the association representing the teachers is essentially that of employer and employee, and the director therefore properly exercised jurisdiction under § 8–1–125.

We also reject the school district's contention that the dues deduction provision was not a condition of employment under § 8–1–125. Hence, contrary to the school district's assertion, its duty to deduct association dues

was within the purview of the director's order.

Contrary to the school district's assertions, we are not persuaded that *People ex rel. Shaffer v. International Brotherhood of Teamsters,* 175 Colo. 187, 486 P.2d 10 (1971) is dispositive of this issue. There, our supreme court affirmed the judgment of the trial court that, under the predecessor statute to § 8–1–125, the director of the division of labor was without authority to enjoin peaceful picketing while unfair labor practice charges were pending before the Industrial Commission.

The *Shaffer* court concluded that the director was authorized to prevent lockouts and strikes and to maintain all conditions of employment until the dispute was resolved. Acknowledging that the phrase "conditions of employment" was not statutorily defined, the court construed the phrase to refer to "conditions existing at places of employment which directly affect the physical safety, health, and welfare of employees." *Shaffer, supra,* 175 Colo. at 191, 486 P.2d at 12. In so defining the phrase, the court construed union representation not to be a condition of employment.

Here, the dispute centers on the term of the collective bargaining agreement requiring the school district to deduct association dues from teachers' salaries. Thus, unlike in *Shaffer,* the dispute here arises from a term contained within the parties' agreement, which term was expressly contemplated by the parties to constitute a condition of employment. Because we conclude that all terms contained within a collective bargaining agreement constitute conditions of employment under § 8–1–125(1), we view *Shaffer* as distinguishable on its facts.

Here, as a condition of employment under § 8–1–125, the school district's duty to deduct dues was extended by the director's January 1991 order. Accordingly, we agree with the trial court that there was no genuine issue as to any material fact concerning the school district's breach of the agreement by failing to deduct association dues from the salaries of dues-paying non-members after December 31, 1990.

## II

■ The school district next contends that the association's sole remedy for the school district's violation of the director's order was to petition for injunctive relief under § 8–1–128, C.R.S. (1986 Repl.Vol. 3B) and that, therefore, the trial court erred in allowing the association to file a claim for breach of contract. Again, we disagree.

Section 8–1–128 authorizes the director to file in district court a verified petition for injunctive relief against any employers, or employees, or both, based upon violations or threatened or attempted violations of § 8–1–125. Section 8–1–128 does not, however, provide that an employee may so file.

Because the association could not file a petition for injunctive relief under § 8–1–128 and because its claim arose from the school district's breach of the agreement, as extended by the director, we perceive no error in the trial court's allowance of the association's claim for breach of contract.

## III

■ The school district contends that the dues deduction provision violates the First Amendment and therefore, the trial court erred in enforcing the provision. We need not address the merits of this issue, however, because the school district lacks standing to raise it.

Although the school district asserts that the dues deduction provision violates the constitutional rights of its teachers, it cites no authority for the proposition that an employer has standing to litigate a First Amendment claim on behalf of its employees and alleges no actual or threatened injury of its own.

Therefore, we conclude that the trial court did not err in ruling that the school district was without standing to raise this issue. *See Dunlap v. Colorado Springs Cablevision*, 829 P.2d 1286 (Colo.1992) (to establish standing, a party must allege actual or threatened injury).

## IV

Next, the school district asserts that the trial court erred in ruling that the May 1991 revocations were prospective only and that the school district should not have been liable for damages arising after March 1991 when the director terminated jurisdiction under § 8–1–125. Again, we disagree.

We approve of the trial court's award of damages arising between March 1991 and May 1991 because the school district initiated the May 1991 opt out period and teachers would otherwise have been deprived of the opportunity to revoke authorization for dues deduction until February 1992. Under these circumstances, the trial court's award of damages to the association was proper based upon its pragmatic conclusion that the revocations were prospective only.

## V

■ The school district finally asserts that the trial court erred in entering an award of damages against it in lieu of entering an order requiring it to collect unpaid dues from the teachers who were allowed to file untimely revocations. Again, we disagree.

We perceive no error in the trial court's judgment against the school district rather than the individual teachers. The teachers, in their individual capacities, were not parties to this action, and thus, the trial court was without authority to enter a judgment against them. *See In Re Marriage of Stroud*, 631 P.2d 168 (Colo.1981) (trial court may not enter judgment against a person over whom it does not have jurisdiction).

The judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.