In re the MARRIAGE OF Brenda K. TONNESSEN, n/k/a Brenda K. Taylor, Appellee,

and

Peter T. Tonnessen, Appellant.

No. 95CA1467.

Colorado Court of Appeals, Div. II.

Sept. 5, 1996.

Rehearing Denied Nov. 14, 1996.

Certiorari Denied May 19, 1997.

Brenda K. Taylor, pro se.

Peter T. Tonnessen, pro se.

Opinion by Judge NEY.

In this consolidated dissolution of marriage and paternity action, Peter T. Tonnessen (husband) appeals from the order, certified as final pursuant to C.R.C.P. 54(b), relinquishing custody jurisdiction to the state of Arizona. We affirm.

The relevant facts are undisputed. In November 1993, Brenda Kay Tonnessen (wife) filed a dissolution of marriage action in Colorado, indicating that no children had been born of the marriage and that she was not pregnant. Thereafter, the parties attempted to reconcile; however, wife left the marital home on February 9, 1994, and moved to Arizona, where she continues to reside.

On September 2, 1994, twin daughters were born to wife, and blood tests established that husband was the father of one of the twins and not the father of the other. Husband had amended his response to the dissolution when he learned of the pregnancy in March 1994. Husband filed a paternity action in Colorado in February 1995 and,

later, the two Colorado actions were consolidated.

A temporary orders hearing was held over four days in May 1995, and although a written order was not entered, the bench order shows that wife was awarded temporary custody, husband was awarded certain visitation rights, and a custody evaluation was to be performed in preparation for permanent orders.

On June 20, 1995, wife initiated an action in Arizona under the Uniform Child Custody Jurisdiction Act (UCCJA) requesting that the Arizona court communicate with the Colorado court and assume jurisdiction over the issues of child custody and visitation because it was the home state of the children. Husband was served three days later and a copy of the pleading was filed in this state.

On July 3, 1995, wife filed in Colorado a motion to bifurcate the dissolution proceedings. She requested that the court enter a decree of dissolution and resolve the financial issues in Colorado and dismiss the custody proceedings to allow custody to be determined in Arizona. After communicating with the Arizona court, the trial court acquiesced to the state of Arizona assuming jurisdiction over the custody determination and deferred the determination of child support in this state until that determination was made. That order is the subject of this appeal.

A decree of dissolution was later entered by the Colorado court, reserving for future hearing certain issues not including custody.

I.

■ Husband first contends that the trial court erred in determining that it did not have jurisdiction under the UCCJA. We disagree.

Section 14–13–104, C.R.S. (1987 Repl.Vol. 6B) sets forth the jurisdictional bases for determination of custody cases under the UCCJA, § 14–13–101, et seq., C.R.S. (1987 Repl.Vol. 6B). The UCCJA vests jurisdiction in the child's home state or, alternatively, in the state best situated to assess the child's best interests. *Nistico v. District Court*, 791 P.2d 1128 (Colo.1990).

Section 14–13–103(5), C.R.S. (1987 Repl. Vol. 6B) defines home state "in the case of a child less than six months old" as "the state in which the child lived from birth with any of the persons mentioned."

Here, the trial court found that Arizona is the home state of the children, that Colorado has never been their home state and that the children never resided in this state. It concluded that, pursuant to the UCCJA adopted by both Arizona and Colorado, Arizona should exercise its home state jurisdiction. This determination is supported by the undisputed facts.

■ The trial court also considered whether jurisdiction was appropriate under the "significant connection" provision of § 14–13–104(1)(b), C.R.S. (1987 Repl.Vol. 6B). However, relying on *Nistico* it determined that such provision was designed to limit, rather than to proliferate, jurisdiction. The court also concluded that the same information that could be obtained in Colorado by evaluation and interviews could be generated in Arizona. Accordingly, it rejected that basis for jurisdiction.

■ Finally, the trial court rejected the argument that Colorado has priority jurisdiction because simultaneous proceedings were commenced first in this state. It concluded that since jurisdiction never existed in Colorado, the provision of § 14–13–107(1), C.R.S. (1987 Repl.Vol. 6B) which generally favors exercise of jurisdiction in the state where custody is pending did not apply because the proceedings in this state were "not substantially in conformity with" the UCCJA.

We agree with this analysis. Even though husband amended his response when he learned of wife's pregnancy and, thus, the pleadings provided notice that custody was an issue, nevertheless, the parties cannot confer subject matter jurisdiction under the UCCJA.

Because we have resolved husband's arguments under the UCCJA and agree that Arizona was, and is, the children's home state, we agree with the trial court that the Parental Kidnapping Prevention Act does not change the result that Colorado did not have jurisdiction. *See generally L.G. v. People,*

890 P.2d 647 (Colo.1995) *cert. denied,* —— U.S. ——, 116 S.Ct. 82, 133 L.Ed.2d 40 (1995).

## II.

Husband also asserts that the trial court erred in relinquishing jurisdiction after it had already conducted extensive proceedings in which wife actively and affirmatively participated. Again, we disagree.

■ Subject matter jurisdiction concerns the authority of the court to decide the issues before it. *People in the Interest of E.H.,* 837 P.2d 284 (Colo.App.1992); *In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981).

The UCCJA addresses subject matter jurisdiction, not personal jurisdiction, and § 14–13–104(1), C.R.S. (1987 Repl.Vol. 6B) enumerates four separate grounds for determining subject matter jurisdiction in a custody case. *Barden v. Blau,* 712 P.2d 481 (Colo. 1986).

Under § 14–13–104(1)(a), a court of this state is competent to make a child custody determination by initial or modification decree if this is the home state of the child at the time of the commencement of the proceeding or had been the home state within six months before commencement of the proceeding. Section 14–13–104(1)(b) provides an alternative basis for jurisdiction that may be invoked either when there is no home state or when the child and her family have equal or stronger ties with a state other than the home state. *Barden v. Blau, supra.*

■ The question whether jurisdiction exists is distinct from the question whether jurisdiction should be exercised. *McCarron v. District Court,* 671 P.2d 953 (Colo.1983); *Johnson v. District Court,* 654 P.2d 827 (Colo.1982).

■ Furthermore, subject matter jurisdiction may not be waived and can be raised at any stage in the proceedings. *In re Marriage of Finer,* 893 P.2d 1381 (Colo.App. 1995). Only personal jurisdiction may be waived expressly or by implication. *People in the Interest of Lynch,* 783 P.2d 848 (Colo. 1989).

■ Here, the trial court found that the petition for dissolution did not raise any question of custody because there were no children born or contemplated at the time of that filing. It also found that wife moved to the state of Arizona in the spring of 1994, that the children were born there in September 1994, that Arizona was the home state of the children, and that Colorado never has been their home state. The trial court also determined that jurisdiction under § 14–13–104(1)(b) did not exist in Colorado because the same information that could be generated in this state could be generated in Arizona. Thus, the trial court did not need to reach the second question of whether jurisdiction should be exercised.

Therefore, we conclude that the trial court correctly determined that it did not have subject matter jurisdiction to determine custody and that, therefore, wife's participation in the earlier proceedings could not confer such jurisdiction.

## III.

■ Finally, we reject husband's assertion that the home state provision of the UCCJA denies him equal protection.

Husband argues that to permit a pregnant woman to unilaterally confer jurisdiction upon a state of her choosing by moving to another state violates the equal protection clauses of the Colorado and United States constitutions. We disagree.

■ The equal protection guarantees under the Colorado and United States constitutions assure like treatment of all who are similarly situated. *State v. The Mill,* 887 P.2d 993 (Colo.1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995). A threshold inquiry in any equal protection claim, therefore, is whether persons who are similarly situated are subjected to disparate treatment. *See Board of County Commissioners v. Flickinger,* 687 P.2d 975 (Colo. 1984). Additionally, if a law does not classify individuals, no equal protection issue is presented. *People in Interest of C.G.,* 885 P.2d 355 (Colo.App.1994).

Section 14–13–103(5) defines home state as the place where a child less than six months

old has lived since birth "with *any* of the persons mentioned." (emphasis supplied) Thus, the UCCJA has not created groups that would be treated differently based upon their gender. Furthermore, there is no indication that disparate treatment would have been accorded to husband if the children had lived with him after birth, rather than with wife. Therefore, the statute here does not create a classification nor have a special impact on husband, and thus, no legitimate equal protection issue is presented. *See People in Interest of C.G., supra.*

Order affirmed.

PLANK and MARQUEZ, JJ., concur.