**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RODNEY H. KEITH, as representative
Plaintiff for CLANCY WAYNE
KEITH and SHIRLEY H. KEITH,

      Plaintiffs - Appellants.

      v.

JAMES T. RIZZUTO, Executive
Director, Colorado Department of
Health Care Policy and Financing,

      Defendant - Appellee.

No. 99-1560

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-M-1673)**

---

Bernard Algimantas Poskus (Jo Lauren Seavy, with him on the briefs), Pearson,
Milligan & Horowitz, P.C., Denver, Colorado, appearing for Plaintiffs-
Appellants.

Vivianne M. Chaumont, First Assistant Attorney General, State Services Section
(Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney
General, Michael E. McLachlan, Solicitor General, and Christine M. Arguello,
Deputy Attorney General, with her on the brief), Office of the Attorney General,
State of Colorado, Denver, Colorado, appearing for Defendant-Appellee.

---

Before **TACHA**, **BALDOCK**, and **BRORBY**, Circuit Judges.

**TACHA**, Circuit Judge.

Appellant Rodney Keith, representing his parents Clancy and Shirley Keith, appeals from the district court's order dismissing his claim. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Clancy Keith, a retiree, resides in a Colorado community care facility. He suffers from dementia associated with Alzheimer's disease and is expected to require extensive care for the remainder of his life. Mr. and Mrs. Keith subsist solely on Mr. Keith's income, which consists of a civil service pension of $4800 gross ($3868.73 net) per month and a Veteran's Administration pension of $67 per month.

In April 1999, Mr. Keith applied for Medicaid benefits from the Mesa County Department of Social Services ("Department"). Shortly thereafter, he executed an income trust in order to prevent his pension income from disqualifying him from Medicaid eligibility.[1] The Department denied Mr. Keith's

---

[1]An income trust consists of its settlor's unearned income. Colo. Rev. Stat. Ann. § 15-14-409.7(3)(a). All funds remaining in the trust upon the settlor's death must be used to compensate the settlor's state Medicaid program up to the amount that the program has expended on the settlor's behalf. Id. § 15-14-409.7(3)(b). The Medicaid Act permits states to ignore such trusts in determining an applicant's Medicaid eligibility. See 42 U.S.C. § 1396p(d).

application for Medicaid benefits pursuant to a regulation promulgated under Colo. Rev. Stat. §§ 15-14-409.7 and 38-10-111.5 by appellee Rizzuto's department.[2] These provisions mandate that only those individuals whose monthly incomes fall short of the average cost of nursing home care in the regions where they reside may establish valid income trusts. In Mr. Keith's region, the average cost of nursing home care was $3034 per month. Because Mr. Keith's income exceeded this rate, the Department determined that his income trust was invalid under Colorado law, and that he therefore was ineligible for Medicaid.

Appellant filed suit for declaratory and injunctive relief under 42 U.S.C. § 1983, arguing that Colorado law violates the federal guidelines for creation of a valid income trust. Appellee filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The district court granted the motion, finding that federal law does not require states to recognize income trusts at all and thus that states are free to place limits or conditions upon the recognition of such trusts.

## II.

We review a 12(b)(6) dismissal de novo. <u>Sutton v. Utah State Sch. for the Deaf & Blind</u>, 173 F.3d 1226, 1236 (10th Cir. 1999). We accept all well pled allegations in the complaint as true and view them in the light most favorable to

---

[2]<u>See</u> 10 Colo. Code Regs. § 2505-10, 8.110.52, B, 2, b, 1). The regulation implements the statutory requirements described below in substantially the same terms as the statutes themselves.

the nonmoving party. Id. "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks and citation omitted).

Colorado has elected to participate in the Medicaid program through enactment of the Colorado Medical Assistance Act, Colo. Rev. Stat. Ann. §§ 26-4-101 to -904. To receive federal Medicaid dollars, Colorado must provide specified medical services to certain classes of citizens through its state Medicaid plan. See 42 U.S.C. §§ 1396 and 1396a(a)(10)(A)(i). Mr. Keith does not fall within any of these classes. However, a state may opt to cover additional individuals, such as Mr. Keith, who remain in medical institutions for periods in excess of 30 days, provided that these persons' incomes do not exceed a federally specified ceiling. Id. § 1396a(a)(10)(A)(ii)(V). Colorado has elected conditionally to cover such individuals through enactment of Colo. Rev. Stat. Ann. § 26-4-301(1)(g).

42 U.S.C. § 1396a(a)(18) requires that state Medicaid plans comply with 42 U.S.C. § 1396p. Section 1396p(d) lays out the federal rules governing how trusts should be counted in determining an individual's income-eligibility for Medicaid. If an individual who establishes a trust is able to revoke or benefit from the trust, then the trust's corpus and payments must be counted respectively as resources

- 4 -

available and income accruing to that individual.  Id. § 1396p(d)(3).  However,

these rules do not apply to the following:

> (B) A trust <u>established in a State</u> for the benefit of an individual if –
> (i) the trust is composed only of pension, Social Security, and other income to the individual (and accumulated income in the trust),
> (ii) the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual . . . , and
> (iii) the State makes medical assistance available to individuals [pursuant to the optional extended care program allowed under 42 U.S.C. § 1396a(a)(10)(A)(ii)(V)].

Id. § 1396p(d)(4)(B) (emphasis added).  Thus, § 1396p(d) does not apply to

income trusts.

Appellant contends that, since Colorado elected to provide optional

Medicaid coverage for nursing home care and to recognize income trusts for

purposes of determining eligibility for such coverage, it is barred from

conditioning that recognition on the amount of a settlor's income.  In support of

this contention, he argues first that § 1396p(d)(3) "allows" states to count trust

income and assets in determining Medicaid eligibility.  Since § 1396p(d)(4)

exempts income trusts from § 1396p(d)(3), appellant concludes that states are not

allowed to count income trusts in determining Medicaid eligibility.

Appellant's argument misapprehends the mandatory force of § 1396p(d)(3).

Section 1396p(d)(3) does not merely "allow" states to count trusts in determining

Medicaid eligibility; it <u>requires</u> them to do so.[3]  Section 1396p(d)(4) therefore provides an exception to a requirement.  States accordingly need not count income trusts for eligibility purposes, but nevertheless may, like Colorado, opt to do so.  Appellant's first argument is therefore without merit.

Appellant next argues that Colorado law is invalid under the doctrine of conflict preemption.  Congress may preempt state law under the Supremacy Clause, U.S. Const. art. VI, cl. 2.  <u>Southwestern Bell Wireless Inc. v. Johnson County Bd. of County Comm'rs</u>, 199 F.3d 1185, 1189-90 (10th Cir. 1999).  Conflict preemption "occurs either when compliance with both the federal and state laws is a physical impossibility, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  <u>Id.</u> (internal indentation and citation omitted).

Appellant claims that it is impossible for Mr. Keith to comply with both federal and state law because Mr. Keith complied with 42 U.S.C. § 1396p(d), but cannot possibly comply with Colo. Rev. Stat. Ann. § 15-14-409.7.  This claim is without merit.  The fact that it is possible to comply with one law while failing to comply with another does not render compliance with both impossible.  To the

---

[3]Section 1396p(d)(3) provides that the corpus of a trust "shall be considered resources available to the individual," and that payments from the trust "shall be considered income of the individual."  "It is a basic canon of statutory construction that use of the word 'shall' indicates a mandatory intent."  <u>United States v. Myers</u>, 106 F.3d 936, 941 (10th Cir. 1997).

contrary, anyone who, unlike Mr. Keith, receives monthly pension income less than the average monthly cost of nursing home care in his region will meet the eligibility standards of both federal and Colorado law.

In addition, Colo. Rev. Stat. Ann. § 15-14-409.7 is not an obstacle to the accomplishment and execution of the purposes and objectives of Congress. There is a "strong presumption that the legislative purpose is expressed by the ordinary meaning of the words used" in a statute. Ardestani v. INS, 502 U.S. 129, 136 (1991) (internal quotation marks and citation omitted). This presumption "is rebutted only in rare and exceptional circumstances, when a contrary legislative intent is clearly expressed." Id. at 135-36 (internal quotation marks and citation omitted); see also ABC Rentals of San Antonio, Inc. v. Commissioner, 142 F.3d 1200, 1206-07 (10th Cir. 1998) ("If the language is clear, the inquiry is over.").

The legislative purpose behind § 1396 is clear from the language of the statute. Congress required that states generally count trust assets and income for purposes of determining Medicaid eligibility, but exempted income trusts from that requirement. Thus, Congress left the states free to decide whether and under what conditions to recognize such trusts. Appellant neither questions the clarity of § 1396p(d)'s language nor directs us to any indications of contrary intent. Thus, even accepting all allegations in appellant's complaint as true and viewing them in the light most favorable to him, we find that he can prove no set of facts

in support of his claim which would entitle him to relief.

AFFIRMED.