**COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, Appellant,**

v.

**The ESTATE OF Keith ROBERTS, Appellee.**

**No. 99CA1066.**

Colorado Court of Appeals, Div. I.

Aug. 3, 2000.

Certiorari Denied Feb. 20, 2001.

Ken Salazar, Attorney General, Vivianne M. Chaumont, First Assistant Attorney General, Denver, Colorado, for Appellant.

Pearson, Milligan & Horowitz, P.C., Bernard A. Poskus, Jane G. Ebisch, Denver, Colorado, for Appellee.

Opinion by Judge STERNBERG.*

This appeal addresses the tension between Colorado and federal statutes on the issue of trusts designed to preserve an individual's eligibility for Medicaid benefits. Colorado statutes prohibit creation of the trust at issue in this case while federal statutes permit their creation. The trial court ruled that federal law had preempted the field and declined to apply the state statutes. We disagree and, therefore, reverse.

Appellee, Keith Roberts, is a developmentally disabled and incapacitated individual who is receiving Medicaid benefits. The Denver Department of Social Services is his

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.

guardian. Appellant, Colorado Department of Health Care Policy and Financing (Department), administers the Colorado Medicaid program.

Roberts' mother died intestate leaving her son as the sole heir to an estate approximating $150,000. The direct receipt of funds from his mother's estate would make Roberts ineligible for continued Medicaid benefits.

The personal representative of the mother's estate, the Public Administrator of the City and County of Denver, drafted a document creating a trust for the benefit of Roberts to be funded with the inherited monies and then petitioned the probate court to approve the establishment of the trust. The court did so over the objection of the Department. This appeal followed.

Section 15–14–409.8(1), C.R.S.1999, defines a disability trust as one that is "established for an individual under 65 years of age who is disabled ... [and] consists of assets of the individual and is established for the purpose or with the effect of establishing or maintaining the individual's resource eligibility for medical assistance." Section 15–14–409.8(2), C.R.S.1999, lists five criteria all of which must be complied with if a disability trust is to be valid for the purpose of maintaining resource eligibility. The trust at issue meets all of the criteria except the following:

> (b) The only assets used to fund the trust are the proceeds from any settlement or judgment based on an action or claim for personal injury brought by or on behalf of the trust beneficiary....

Additionally, §§ 15–14–409.6(2) and 15–14–409.6(3), C.R.S.1999, prohibit a court from authorizing, directing, or ratifying a trust that does not meet the specific criteria set forth in § 15–14–409.8(2). Also, § 13–9–103(7), C.R.S.1999, purports to deprive the Denver Probate Court of the power to approve trusts which do not meet the statutory criteria.

There is no dispute that, under the Colorado statutes, a disability trust funded by assets not the proceeds from a personal injury action does not preserve an individual's eligibility for Medicaid benefits. Nevertheless, Roberts argues that the federal Medicare statutes have preempted the field, thus invalidating any Colorado statutes which differ from federal law. We do not agree.

■ Under the Supremacy Clause, U.S. Const., art. VI, cl. 2, if Congress has legislated on a subject, a state may not adopt a law that conflicts with that federal statute. *See Banner Advertising, Inc. v. People of City of Boulder,* 868 P.2d 1077 (Colo.1994).

■ In determining whether a state statute is preempted by federal law and, therefore, is invalid, the task of the court is to ascertain the intent of Congress. A federal statute is preemptive if (1) the statute explicitly states Congress' intent, or (2) the federal scheme is so comprehensive that no room is left for state action, or (3) if compliance with both federal and state law is impossible. *See California Federal Savings & Loan Ass'n v. Guerra,* 479 U.S. 272, 280, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987).

■ When analyzing an issue of preemption, a court must assume that Congress did not intend to displace state law. *See Maryland v. Louisiana,* 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981).

In *Keith v. Rizzuto,* 212 F.3d 1190 (10th Cir.2000), the court addressed the issue of preemption in a case dealing with an income trust as defined in § 15–14–409.7, C.R.S. 1999, a statute closely related to the disability trust statute that is at issue here. In common with the disability trust statute, the income trust provisions of Colorado law regulate a type of trust created for the purpose of establishing or maintaining eligibility for medical assistance. There, the court rejected the argument that federal law preempted the field. We find the reasoning in *Keith* to be persuasive and conclude that it is applicable to a trust created under the disability trust statute.

■ The federal statutes regarding Medicaid eligibility are highly complex. 42 U.S.C. § 1396p(d)(IV)A deals with the valuation of disability trusts with respect to counting of income and resources. In our view, the federal statutes tell the states how to count trusts established pursuant to state law for Medicaid purposes, but none prohibit the

states from requiring trusts to have provisions not set forth in the federal law. We conclude that federal law permits a state, for the purposes of determining Medicaid eligibility, to permit applicants to exclude their income from eligibility by establishing a trust. And, there is nothing in the federal statute that requires a state to allow any trusts at all. Thus, nothing in the federal law prohibits Colorado from adopting additional trust requirements as contained in the statutes under consideration in this case.

Because of our disposition of this case, it is unnecessary to address the validity of § 13-9-103(7), C.R.S.1999, which purports to control the jurisdiction of the probate court. *But see* Colo. Const., art. VI, § 1.

Finally, we reject Roberts' argument that the state statutes in question violate the equal protection clause of the U.S. and Colorado Constitutions.

The threshold question in an equal protection challenge is whether the statutes treat similarly situated individuals in a dissimilar manner. *See In re Adoption of T.K.J.*, 931 P.2d 488 (Colo.App.1996). Here, the statutes in question provide that specified funds can be used to fund a disability trust, while other funds cannot be so used. Such legislation does not result in dissimilar treatment of similarly situated people. There is no dissimilar classification of individuals; thus, no equal protection issue is presented. *See In re Marriage of Tonnessen*, 937 P.2d 863 (Colo.App.1996).

The judgment is reversed and the cause is remanded with directions to declare Roberts' disability trust to be invalid for the purpose of establishing or maintaining eligibility for medical assistance.

Judge METZGER and Justice ERICKSON ** concur.

_____

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.