66 P.3d 114 (2002)
In the Matter of the ESTATE OF John G. FALLER, Deceased.
Iris L. Fisher, Trustee, Petitioner-Appellee,
v.
Colorado Department of Health Care Policy and Financing, Respondent-Appellant.
No. 01CA0110.
Colorado Court of Appeals, Div. IV.
July 18, 2002.
Certiorari Denied April 14, 2003.[*]
*115 Ridgway, Romeo & Vincent, Richard B. Vincent, Renee Ezer, Louisville, Colorado, for Petitioner-Appellee.
Ken Salazar, Attorney General, Ann Hause, Assistant Attorney General, Denver, Colorado, for Respondent-Appellant.
Opinion by Judge NEY.
The Colorado Department of Health Care Policy and Financing (CDHCP & F) appeals from the Denver Probate Court's order establishing an elective-share trust for the benefit of Ruby Faller, the surviving spouse of the decedent, John G. Faller. We reverse.
In 2000, petitioner, Iris L. Fisher, filed a Petition for Elective-Share and Allowances on surviving spouse's behalf, requesting that any award of assets to the surviving spouse from the decedent's estate be placed in trust. Additionally, the petitioner requested that distributions from the trust be restricted to maintain the surviving spouse's eligibility for benefits under the Colorado Medicaid Program.
The probate court granted the petition. The court determined that the surviving spouse's elective share and allowances of the decedent's estate was $96,133.56. The court then placed these funds in a trust, as required by § 15-11-206(2), C.R.S.2001, and further required that the assets "must be distributed in such a manner as to protect [surviving spouse's] eligibility for Medicaid benefits." The court also ruled that the assets in the trust were not the property of the surviving spouse because the trust was funded with the decedent's property, and thus it was not available to pay for the costs of her care that are otherwise provided for by Medicaid.
On appeal, CDHCP & F asserts that the assets in the elective share trust created here are "available assets" to be used to determine Medicaid eligibility, and it contends that the probate court thus erred in requiring that the trust be distributed in such a manner as to protect the surviving spouse's eligibility for Medicaid benefits. We agree.
The Colorado General Assembly has established three different types of trusts for the specific purpose of establishing or maintaining income eligibility for nursing home care or home- and community-based services: income *116 trusts, § 15-14-412.7, C.R.S.2001; disability trusts, § 15-14-412.8, C.R.S.2001; and pooled trusts, § 15-14-412.9, C.R.S.2001. See Keith v. Rizzuto, 212 F.3d 1190 (10th Cir.2000).
Each of these trust provisions states that "no person is entitled to payment from the remainder of the trust until the state medical assistance agency has been fully reimbursed for the assistance rendered to the person for whom the trust was created." Sections 15-14-412.7(3)(b), 15-14-412.8(2)(c), 15-14-412.9(2)(c), C.R.S.2001.
The elective-share trust in this case was created pursuant to § 15-11-206(2), which provides:
If the election is exercised on behalf of a surviving spouse who is an incapacitated person, the court shall set aside that portion of the elective-share and supplemental elective-share amounts due from the decedent's probate estate ... and shall appoint a trustee to administer that property for the support of the surviving spouse.
The statute further requires:
Expenditures of income and principal may be made in the manner, when, and to the extent that the trustee determines suitable and proper for the surviving spouse's support,... with regard to other support, income, and property of the surviving spouse and benefits of medical or other forms of assistance from any state or federal government or governmental agency for which the surviving spouse must qualify on the basis of need.

Section 15-11-206(2)(a), C.R.S.2001 (emphasis added).
Additionally, the statute provides that the assets remaining in the elective-share trust at the death of the surviving spouse will pass in accordance with the decedent's will or to the decedent's heirs under the laws of intestacy. See § 15-11-206(2)(c), C.R.S.2001.
Petitioner argues that the emphasized language in § 15-11-206(2)(a) was intended by the General Assembly to make elective-share trusts created for incapacitated surviving spouses available to maintain income eligibility for Medicaid benefits. In support of this contention, petitioner presented to the probate court an affidavit of a member of the editorial board of the National Conference of Commissioners on Uniform State Laws, which was responsible for drafting the related provision in the Uniform Probate Code. The affiant explained the intent of the legislature in enacting the code. The probate court, relying on this affidavit, found that when the General Assembly adopted § 15-11-206, its specific intent was that the "elected amount [put into trust] would be exempt from the Medicaid formula."
Additionally, on appeal, petitioner argues that the elective-share trust is funded with assets that are not owned by either the surviving spouse or the decedent because the remainder of the trust will pass to the decedent's heirs pursuant to § 15-11-206(2)(c). Thus, she asserts that the trust assets are not actually available to the incapacitated surviving spouse, for the purpose of determining her Medicaid eligibility. Thus, she relies on 42 U.S.C. §§ 1396a(a)(17)(B), 1396p(e)(1) (defining "assets" as including "all income and resources of the individual and of the individual's spouse"), and 1396p(d)(2)(C) and (3)(B) (related to trust assets).
However, § 15-14-412.6(2), C.R.S.2001, limits the types of trusts that may be used to establish or maintain Medicaid eligibility:
Notwithstanding any statutory provision to the contrary, a court shall not authorize, direct, or ratify any trust established by an individual that has the effect of qualifying or purports to qualify the trust beneficiary for public assistance unless the trust meets the criteria set forth in this section, sections 15-14-412.7 to XX-XX-XXX.9, and any rule adopted by the medical services board pursuant to section 26-4-506.6, C.R.S.
This provision specifically prohibits the authorization of a trust that has the effect of qualifying the trust beneficiary, here, the incapacitated surviving spouse, for public assistance unless it meets the criteria set forth in §§ 15-14-412.7 (the income trust), 15-14-412.8 (the disability trust), or § 15-14-412.9 (the pooled trust). See also Colorado Dep't of Health Care Policy & Financing v. Estate of Roberts, 18 P.3d 813 (Colo.App.2000).
*117 The elective-share trust at issue does not meet the criteria set forth in §§ 15-14-412.7 to XX-XX-XXX.9, as required by § 15-14-412.6(2). Specifically the elective-share does not dispose of the remainder of the trust. Furthermore, § 15-14-412.6(2) does not allow for elective-share trusts for the purpose of maintaining public assistance eligibility, including Medicaid. See also § 38-10-111.5, C.R.S.2001.
Petitioner asserts that § 15-14-412.6(2) is not applicable to an elective-share trust because it is not a "trust established by an individual." Petitioner argues that the elective-share assets used to fund the trust here came from the decedent's heirs. Moreover, she also argues that the surviving spouse cannot be deemed to own or be entitled to the assets of the elective-share trust, given the restrictive nature of the trust as required by the provisions of § 15-11-206(2), along with § 15-14-409.6(1)(e), C.R.S.2001 (adopting the definition for "trust established by an individual" as stated in 42 U.S.C. § 1396p(d)(2)).
We are not persuaded by these arguments. As discussed above, the statute creating the elective-share trust, § 15-11-206(2), is limited by § 15-14-412.6(2). The language in § 15-11-206(2) concerning trusts "established by an individual" does not exclude a trust funded by an incapacitated surviving spouse's elective share.
We are not persuaded by petitioner's contention that § 15-14-412.6(2) is inapplicable to testamentary trusts or post-eligibility transfers by a community spouse. Petitioner's argument is based on 42 U.S.C. § 1396p(d)(2)(A), defining such a trust as, inter alia, a trust established other than by will by an individual, the individual's spouse, or a court. However, under the Colorado statutory scheme, no allowance has been made for testamentary trusts or post-eligibility transfers. To the contrary, the language of § 15-14-412.6(2) clearly provides that a trust cannot qualify its beneficiary for public assistance unless it meets the criteria set forth in §§ 15-14-412.7 or XX-XX-XXX.8, and XX-XX-XXX.9.
Thus, because § 15-14-412.6(2) prohibits any trust that has been "established by an individual that has the effect of qualifying or purports to qualify the trust beneficiary for public assistance," and the statute does not except from this prohibition elective-share trusts created pursuant to § 15-11-206, we conclude that the court erred in attempting to shield the assets of the trust here for the purpose of determining Medicaid eligibility. See § 15-14-412.6(a), C.R.S.2001; see also 42 U.S.C. § 1396p(e)(1).
Petitioner additionally relies upon Skindzier v. Commissioner of Social Services, 258 Conn. 642, 784 A.2d 323 (2001), to support her position. However, we conclude Skindzier is factually distinguishable from the present case. Skindzier dealt with disqualifying testamentary transfers; here, we are concerned with an individual who has petitioned for the surviving spouse's elective share.
Because we have determined that the trial court erred, we do not reach CDHCP & F's contention, raised for the first time on appeal, that petitioner failed to exhaust her administrative remedies.
The order is reversed, and the case is remanded for further proceedings consistent with this opinion.
Judge ROTHENBERG and Judge VOGT concur.
NOTES
[*] Chief Justice MULLARKEY would grant as to the following issue:

Whether an incapacitated surviving spouse's interest in a discretionary, statutory elective share trust established for her benefit under C.R.S. XX-XX-XXX(2) is property under Colorado law, at the time the trust is funded or after it has been established, and therefore, is an available asset for purposes of determining her Medicaid eligibility.