25CA0306 Marriage of Robinson 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0306
Mesa County District Court No. 12DR18
Honorable Jennilynn Everett Lawrence, Judge

In re the Marriage of

Katherine Lyman Robinson n/k/a Katherin Lyman Freeman,

Appellee,

and

Samuel Collin Robinson,

Appellant.

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Gomez and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

No Appearance for Appellee

Samuel Collin Robinson, Pro Se

¶ 1     In this post dissolution proceeding involving Samuel Collin Robinson (father) and Katherine Lyman Robinson (mother), father appeals the district court's adoption of the magistrate's order denying his motion to modify parenting time.  We affirm.

## I.     Background

¶ 2     Mother and father are the parents of two children.  The district court dissolved their marriage in 2012.  Following a series of parenting time modifications, father was exercising regular parenting time consisting of two overnights every third weekend, plus Wednesday dinner visits.

¶ 3     In November 2024, via a one paragraph motion citing "substantial dysfunction" under the existing parenting time order, father moved to modify parenting time to an equal parenting time schedule.  In a written objection, mother asserted that father's motion had failed to state with particularity under C.R.C.P. 7 grounds for modifying parenting time based on the section 14-10-124(1.5)(a), C.R.S. 2024, best interests factors.  Without holding a hearing, the magistrate agreed and denied father's motion for failure "to state with particularity the basis for the relief being

requested." After father petitioned for district court review, the reviewing district court judge adopted the magistrate's order.

## II.     The Appeal is Moot as to the Parties' Older Child

¶ 4     The record reflects that the parties' older child turned eighteen while this appeal was pending. As an adult, she has the right to make her own decisions, including whether and how often to visit her parents, rendering any parenting time orders unenforceable as to her. *See In re Marriage of Tibbetts*, 2018 COA 117, ¶¶ 12-13. Therefore, father's appeal as to the older child is moot, and we dismiss the appeal as it relates to her. See *id.* at ¶¶ 7-8, 21, 28.

¶ 5     However, we address father's contentions as they relate to the parties' younger child.

## III.    Standards of Review

¶ 6     Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. We must accept the magistrate's factual findings unless they are clearly erroneous, meaning that they have no support in the record. *In re Marriage of Young*, 2021 COA 96, ¶ 8. However, we review de novo questions of

law, including constitutional challenges. *See Sheehan*, ¶ 22; *Howard v. People*, 2020 CO 15, ¶ 11.

## IV. Father's Contentions of Error as Applied to the Younger Child

¶ 7 As best as we can discern, father asks us to reverse the denial of his motion to modify parenting time because the statutory best interests factors under section 14-10-124(1.5)(a) are unconstitutional and therefore his failure to sufficiently plead those factors should not have resulted in the denial of his motion. Father specifically contends that the best interests factors violate both equal protection and due process principles because the factors are subjective in nature. We are not persuaded.

### A. Equal Protection

¶ 8 To start, we reject father's contention that the best interests factors violate equal protection.

¶ 9 The right to equal protection of the law guarantees that all individuals who are similarly situated are treated similarly. *See* Colo. Const. art. II, § 25; *In re Marriage of Tonnessen*, 937 P.2d 863, 866 (Colo. App. 1996). If a law does not classify individuals, there can be no equal protection issue presented. *See Tonnessen*, 937 P.2d at 866.

¶ 10     Section 14-10-124(1.5)(a) sets forth the factors relevant to a child's best interests as related to allocation of parental responsibilities.  The statute does not create any groups that would be treated differently in an allocation of parental responsibilities matter.  Rather, it requires the court to consider the child's best interests in all cases involving parenting matters.  *See* § 14-10-124(1.5); *see also* § 14-10-123.4(1)(a), C.R.S. 2024 (children have the right to have decisions in parental responsibilities proceedings made based on their best interests).  Because the applicable statutes do not create a classification, father has not presented a valid equal protection issue.  *See Tonnessen*, 937 P.2d at 867.

### B.     Due Process

¶ 11     As best as we can discern, father alleges that because the section 14-10-124(1.5)(a) best interests factors are subjective, they are arbitrary and violate due process.  Although father does not specify whether he is asserting a violation of procedural due process or substantive due process, his argument appears to be predicated upon an alleged violation of substantive due process.  *See In re Marriage of Smith*, 7 P.3d 1012, 1017 (Colo. App. 1999) (describing procedural due process as involving "the manner in which state

action occurs and requires notice and an opportunity for a hearing," whereas substantive due process "prohibits the government from engaging in conduct which is arbitrary, capricious, or irrational, regardless of the procedures used to implement it").

¶ 12    But, because the statute provides the district court with a discrete list of considerations that must inform a parenting time order, we disagree that the section 14-10-124(1.5)(a) best interests factors are arbitrary and therefore violate substantive due process. *See* Black's Law Dictionary 128 (12th ed. 2024) (defining "arbitrary" as "involving a determination made without consideration of or regard for facts, circumstances, fixed rules, or procedures," "[i]nvolving the unrestrained exercise of will," and "uncontrolled in power or authority"). Moreover, the district court must make sufficient factual findings on the relevant best interests factors to explain the basis of any parenting time decision to both the parties and any reviewing court. *See In re Marriage of Garst*, 955 P.2d 1056, 1058 (Colo. App. 1998) (recognizing that there "must be some indication in the record that the trial court considered" the relevant factors and therefore the court must make "findings of fact and conclusions of law to enable the appellate court to understand the

5

basis of its order," which means "identify[ing] the evidence which the fact finder deemed persuasive and determinative of the issues raised").

¶ 13    Lastly, father does not cite any legal authority in support of his contention, nor does he develop his argument beyond a conclusory statement that the best interest factors violate due process because they are subjective. We therefore decline to further consider his undeveloped argument. *See Woodbridge Condo. Ass'n, Inc. v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44 (declining to consider undeveloped and conclusory contentions of error made without supporting argument or authority) *aff'd*, 2021 CO 56; *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development.").

¶ 14    For these reasons, we disagree with father's assertion that the section 14-10-124(1.5)(a) statutory best interests factors violate due process. Accordingly, we reject his contention that the district court erred by adopting the magistrate's order denying his motion to modify parenting time because of his failure to sufficiently plead why a parenting time change was in the child's best interests.

## V.    Disposition

¶ 15    Father's appeal as to the parties' older child is dismissed, and the district court's adoption of the magistrate's order is otherwise affirmed.

JUDGE GOMEZ and JUDGE MEIRINK concur.